GOTTLOB GUNTHER, PLAINTIFF, _v._ RUDOLPH MAYER AND OTHERS, DEFENDANTS, THE HOLLAND TRUST COMPANY AND THE TWELFTH WARD BANK OF THE CITY OF NEW YORK, APPELLANTS, AND OTHERS, RESPONDENTS.

_Mortgage by an insolvent corporation to secure bonds previously issued in accordance with an agreement made before insolvency_ — 1 _R. S., p._ 603, _sec._ 4.

Where a domestic corporation, by the requisite vote of its stockholders, agreed to issue bonds, to be held as collateral security by a bank for an existing debt and future advances, and to give a mortgage to a trust company to secure such bonds, and thereupon made and issued the bonds, and some months thereafter became insolvent, and the mortgage was not made until after the company became insolvent:

*Held,* that, by reason of the mortgage being given under an agreement to execute it, made long prior to the insolvency, and of the fact that money had been acquired by the corporation under such agreement, the mortgage was not obnoxious to the statute (1 R. S., p. 603, § 4), which forbids transfers by a corporation in contemplation of insolvency, and declares such transfers void.

That it was immaterial whether the money represented by the bonds was to be raised by selling the bonds by the bank and so paying the debt or not.

That the agreement to give a mortgage to a trust company, as a naked trustee, was an agreement in equity to give the mortgage for the security of the persons who held the debt.

The bonds referred to the mortgage security, and each bond stated that it would not become valid until authenticated by the signature of the trustee.

*Held,* that the trustee's signature was not vital under the circumstances; that the bonds having been delivered by the obligor as good bonds, the approval of the trustee could be indorsed upon them at any time thereafter.

Appeals by the Holland Trust Company and the Twelfth Ward Bank of the City of New York, respectively, from an order of the Kings County Special Term, entered in the office of the clerk of Queens county on the 3d day of November, 1892, confirming the report of a referee in proceedings to acquire surplus money arising on the foreclosure of a mortgage.

The Revised Statutes (vol. 1, p. 603, § 4), provide that, "whenever any incorporated company shall have refused the payment of any of its notes or other evidences of debt, in specie or lawful money of the United States, it shall not be lawful for such company, or any of its officers, to assign or transfer any of the property or choses in action of such company, to any officer or stockholder of such company, directly or indirectly, for the payment of any debt; and it shall not be lawful to make any transfer or assignment in contemplation of the insolvency of such company, to any person or persons whatever; and every such transfer and assignment to such officer, stockholder or other person, or in trust for them or their benefit, shall be utterly void."

Each of the bonds referred to in the following opinion, stated that "the payment of the said series of bonds, with the interest thereon, is equally and ratably secured by a Deed of Trust or Mortgage, made and delivered by the said, The Vertical Tube Boiler Company to Holland Trust Company, as trustee. * * * This bond shall not become valid until authenticated by the signature of the Trustee aforesaid."

*William N. Dykman,* for the appellant, the Holland Trust Company.

*Frederic J. Swift,* for the appellant, the Twelfth Ward Bank.

*P. Q. Eckerson,* for the respondents.

BARNARD, P. J.:

The Vertical Tube Boiler Company, a domestic corporation, executed a mortgage to the Holland Trust Company upon its lands in Queens county to secure $75,000. This amount was represented by seventy-five bonds of $1,000 each. The Holland Company was simply a trustee. The mortgage is a first record lien on the surplus money in question, but it was given when the Tube Company was insolvent and in contemplation of insolvency and is, therefore, void. The Trust Company and a creditor holding some of the bonds seek to escape this result by proof that the mortgage was given under an agreement to execute the same at a time long prior to the insolvency; that money was acquired under the agreement and that thereupon the mortgage was not in contravention of the statue. (*Paulding* v. *Chrome Steel Co.,* 94 N. Y., 334.)

The referee has found against the agreement and the only question is whether the finding is supported by the evidence. It appears that the Steel Company, in April, 1888, had an account with the Twelfth Ward Bank, in the city of New York. That then the Steel Company borrowed money of the bank. During the year 1888 notes were given and renewed, and in March or April, 1889, it was agreed by the president and treasurer of the Tube Company and the president of the bank that security must or should be given to secure the existing debt and all future advances, and that a meeting of the Tube Company should be called to consider the subject, which meeting met on April 5, 1889. The meeting resolved to give a mortgage for $75,000 to a trust company to secure bonds in that amount. The bonds were soon thereafter drawn, but the drawing of the mortgage was delayed by the attorney until October, 1890, when the company was insolvent. The bonds were not signed by the treasurer of the Steel Company until September or October, 1889. The whole issues were delivered as collateral security to the Twelfth Ward Bank. Forty-five thousand of these are still held

by the bank and 30,000 by the Trust Company. No question can be made as to the authority of the parties who contracted for the security in the spring of 1889. The president and secretary represented the Steel Company and the president, Steers, represented the bank. The negotiations were initiatory only and the Steel Company voted the security, and the requisite number of stockholders approved the vote. The bank received the bonds with the official approval of the Steel Company written thereon, and received them at once when printed, long before the mortgage was given. It is immaterial whether the money in them was to be raised by selling the bonds by the bank and paying their debt out of it or not. The security was voted to pay the bank debt and the bond which recites the agreement was at once delivered to the bank, and an agreement to give a mortgage to a naked trustee was an agreement in equity to give the mortgage for the security of the persons who held the debt. The trustees' signature was not at all vital under the circumstances presented by the case. The Steel Company delivered the bonds as good bonds and the approval of the trustee could cover at any time thereafter.

The order should be reversed and the motion to confirm referee's report denied, and the surplus ordered to be paid to the Holland Trust Company, with costs to appellant out of fund.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order reversed and surplus ordered to be paid the Holland Trust Company, with costs to appellant out of the fund.

67 119<br>138a 265<br>67 119<br>21ap287